# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00196-GCM

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CECIL NIVENS, | ) ) |
| Defendant. | ) ) ) |

## ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed July 23, 2014 (Doc. No. 9). Defendant has not filed a response, and the allotted time in which to do so has passed. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff filed its Complaint on April 21, 2014 in the Western District of North Carolina (Doc. No. 1), alleging breach of contract and unjust enrichment claims against the Defendant in the amount of $132,430.31. (Compl. ¶ 17). Defendant filed his Answer to the Complaint and a Counterclaim on June 10, 2014 (Doc. No. 6), alleging that the Defendant had created a product that had been "appropriated" by the Plaintiff, causing the Defendant damages in excess of ten million dollars. (Answer ¶ 10-16). Plaintiff filed its Motion to Dismiss on July 23, 2014 (Doc. No. 9).

Defendant alleges that while under contract with the Plaintiff, Defendant created a product known as the Individual Retirement Plan ("IRP") for the benefit of the Plaintiff. (Answer

1

¶ 10). The IRP allegedly allows customers of the Plaintiff to place sums of money into a "whole life policy" that would buy a "face amount of insurance." (Answer ¶ 11). This policy would then subsequently protect the purchaser in numerous ways, while allowing the purchaser to withdraw a tax-free income stream upon retirement. *Id*. After he created this product, Defendant alleges that Plaintiff "appropriated" the IRP, sold it to a separate entity, bought it back, and converted into another product known as the Supplemental Life Insurance Retirement Plan ("SLIRP"). (Answer ¶¶ 14-15).

## II. LEGAL STANDARD

When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the [non-movant]." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of these factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

At the outset, Defendant's Counterclaim presents a serious flaw—it fails to specifically identify any cause of action. Rather, this Court is left to define what sort of cause of action Defendant intended by the word "appropriation." At a bare minimum, Rule 8 requires that a complaint articulate the claim which entitles the pleader to relief. *See* Fed. R. Civ. P. 8(a)(2). On

this basis alone, Defendant's Counterclaim can be dismissed; nevertheless, the Court will briefly address the possible causes of action that could be inferred from Defendant's pleading.

### A. Defendant's Counterclaim of "appropriation" fails to state a plausible claim for relief.

It is unclear whether North Carolina recognizes the tort of "misappropriation," standing alone, as it does not appear to have been addressed by the North Carolina courts, and Defendant has not pled any statutory or common law basis for such a tort. Other states that do recognize the claim do so in the context of unfair competition, and generally require that the misappropriated information be used to compete against the person who created the information. *See, e.g.*, *Nat'l Basketball Ass'n v. Stats, Inc.*, 939 F. Supp. 1071, 1098-1100 (S.D.N.Y. 1996) (explaining common law tort of misappropriation in New York), *vacated in part on other grounds*, 105 F.3d 841, 845 (2d Cir. 1997). Defendant has failed to allege how the Plaintiff unfairly competed against him or otherwise wrongfully acquired his property. In fact, the Counterclaim itself states that Defendant created the IRP "for the benefit of Plaintiff" (Answer ¶ 10). As Defendant has failed to articulate why he should recover under a claim of misappropriation, and as there is no clear avenue of relief under this claim, Defendant fails to state a claim for misappropriation, if in fact he intends to assert such a claim. *See Iqbal*, 556 U.S. 678.

Read in the light most favorable to the Defendant, the more cognizable interpretation of Defendant's Counterclaim is that it alleges a claim of common law conversion. Conversion in North Carolina is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 414, 537 S.E.2d 248, 264 (N.C. Ct. App. 2000). For claims of conversion, ideas are not protected—"only goods and personal property are properly the subjects of a claim for

3

conversion." *Id*. Further, the misappropriation of "intangible interests such as business opportunities and expectancy interests" do not give rise to a claim of conversion. *Id.*

The Defendant has alleged that the Plaintiff took an "idea" from him and turned it into a product (*see* Answer ¶ 13). An "idea" is not protected under North Carolina's tort of conversion, and Defendant has not alleged that Plaintiff took a good or personal property from him. *See Norman*, 140 N.C. App. at 390, 537 S.E.2d at 264. Therefore, Defendant has not pled allegations that plausibly entitle him to relief under the common law tort of conversion, and the claim must be dismissed.

**B. Defendant's Counterclaim fails to state a claim for relief under any intellectual property theory.**

The Fourth Circuit has established that "[c]opyright protection does not extend to ideas." *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 142 (4th Cir. 2000) (citing 17 U.S.C. § 102(b)). Defendant refers to the IRP and SLIRP numerous times as an "idea" and has not pled facts that suggest he ever materialized this "idea" into any tangible expression, a required step for copyright protection. *See id.* at 142-43; (Answer ¶ 12-13, 15). Therefore, the Defendant has not pled allegations that plausibly entitle him to relief under copyright law. *See Iqbal*, 556 U.S. at 678; *Ale House*, 205 F.3d at 142.

Defendant has also failed to state a claim for patent infringement, which requires that he actually file for a patent (*see* 35 U.S.C. § 102), which he has not alleged. Nor for trademark infringement, which requires a party to allege that it has a valid, protectable trademark.[1] *See Petro Shopping Centers L.P. v. James River Petroleum*, 130 F.3d 88, 91 (4th Cir. 1997). Finally, Defendant has failed to allege any violation of trade secrets under North Carolina law, which

---

[1] A trademark is defined as a word, phrase, symbol, or device or any combination thereof that a person uses to identify and distinguish his goods. 15 U.S.C. § 1127. Notice of a trademark's registration must be provided to the infringer of a trademark to recover for damages, which Defendant has not alleged took place. *See* 15 U.S.C. § 1111.

4

requires reasonable efforts by the complaining party to maintain the secrecy of the information (here, the IRP and SLIRP)—Defendant concedes that he created the IRP "for the benefit of Plaintiff," which is hardly a "secret endeavor." *See* N.C. Gen. Stat. § 16-152; (Answer ¶ 10). Therefore, Defendant's amorphous intellectual property counterclaim must be dismissed for failing to plead allegations that plausibly entitle him to relief.

### IV. CONCLUSION

Based upon the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss (Doc. No. 9) is **GRANTED**. The Counterclaim against the Plaintiff is **DISMISSED. SO ORDERED.**

Signed: November 5, 2014

Graham C. Mullen
United States District Judge